KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Road, Suite 230
Scottsdale, Arizona 85251
Telephone:  (480) 306-5977
Facsimile:  (602) 626-3504
kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Louis Bryant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Bryant, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Portfolio Recovery Associates, L.L.C.; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiff, Louis Bryant , by undersigned counsel, states as follows:

**JURISDICTION**

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

**PARTIES**

4.     The Plaintiff, Louis Bryant  (hereafter "Plaintiff"), is an adult individual residing in Peoria, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, Portfolio Recovery Associates, L.L.C. (hereafter "Portfolio"), is a Virginia business entity with an address of 120 Corporate Boulevard, Norfolk, Virginia 23502, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Portfolio and whose identities are currently unknown to the Plaintiff.  One or more of the

2

Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Portfolio at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

8.      The Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Portfolio for collection, or Portfolio was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      Portfolio Engages in Harassment and Abusive Tactics**

12.     Within the last year, Portfolio has placed as many as three (3) calls a day to Plaintiff's home telephone, cellular telephone and Plaintiff's place of employment in an attempt to collect the Debt.

3

13.     When first speaking with Portfolio, Plaintiff advised it that he was unemployed at the time and requested that Portfolio cease calling him in an attempt to collect the Debt. Portfolio continued to do so despite Plaintiff's request.

14.     In response to Plaintiff's request that it cease calling him, Portfolio stated, "I can call you as often as I want."

15.     When Plaintiff acquired employment, Portfolio somehow found out where Plaintiff was employed and began calling Plaintiff at work without Plaintiff's authorization.

16.     Portfolio often spoke over Plaintiff when conversing with him.

17.     Portfolio spoke with Plaintiff's coworker, Charlene Kelly, on several occasions when placing calls to his place of employment.

18.     During one conversation Ms. Kelly advised Portfolio that the Plaintiff was currently speaking with a customer. Portfolio responded by stating, "You need to get him…you need to interrupt him."

19.     Portfolio continued to place calls to Plaintiff's place of employment after he specifically asked it not to call him at that number.

20.     When Plaintiff told Portfolio he is now represented by counsel, Portfolio refused to acknowledged the legal representation and told him he still needed to answer their questions and that they would continue to call anyway until he submitted to them something in writing verifying the legal representation.

4

21.    Portfolio continued to call Plaintiff until Plaintiff sent Portfolio a written a written cease and desist notification.

## C.    Plaintiff Suffered Actual Damages

22.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24.    The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

25.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.    The Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(1).

27.     The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

28.     The Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

29.     The Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

30.     The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

31.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

32.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

33.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

35.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6

36.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

37.     Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Arizona state law.

38.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with excessive phone calls.

39.     The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

40.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

41.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

42.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

7

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

44.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

45.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arizona.

46.     As a result of the Defendants' intentional infliction of emotional distress, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

8

C.  Costs of litigation and reasonable attorney's fees pursuant to

15 U.S.C. § 1692k(a)(3) against the Defendants;

D.  Actual damages from the Defendants for the all damages including

emotional distress suffered as a result of the intentional, reckless, and/or

negligent FDCPA violations and intentional, reckless, and/or negligent

invasions of privacy in an amount to be determined at trial for the

Plaintiff;

E.  Punitive damages;

F.  For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant

to A.R.S. § 12-341;

G.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  September 1, 2011                    LEMBERG & ASSOCIATES, LLC


By:___/s/   *Kindra Deneau*_____
Kindra Deneau

Attorney for Plaintiff
Louis Bryant

9